UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELICIA M. BARLEY,

    Plaintiff,

vs.                                                      Case No.  3:04-CV-401-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits. The Court has reviewed the record, the briefs and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED** and the matter **REMANDED**.

**I.     PROCEDURAL HISTORY**

Plaintiff filed applications for a period of disability, disability insurance benefits, ("DIB") and supplemental social security ("SSI") payments on December 4, 2001, alleging an inability to work since October 29, 2001. (Tr. 91-93, 236-237). The Social Security Administration ("SSA") denied these applications initially and on reconsideration. (Tr. 87-88, 234-235). Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on September 11, 2002. (Tr. 82, 63, 67-70). On February 18, 2004, the ALJ issued a decision finding Plaintiff was not

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 9).

1

disabled. (Tr. 8-17). On March 4, 2004, Plaintiff filed a Request for Review by the Appeals Council. (Tr. 6-7). The Appeals Council found no basis to review the ALJ's decision and denied Plaintiff's Request for Review on March 29, 2004, thus making the ALJ's decision dated February 18, 2004 the final decision of the Commissioner. (Tr. 3-5). Plaintiff timely sought review of this decision by the United States District Court on May 26, 2004. (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claims to be disabled since October 29, 2001, due to a fall from a fourth story window and the resulting multiple fractures of her pelvis and left wrist, which Plaintiff alleges causes her constant headaches, back, hip, and foot pain and inability to use her left arm. (Tr. 32-34).

### B.     Summary of Evidence Before the ALJ

Plaintiff was 41 years of age on the date the ALJ's decision became final. (Tr. 128, 3-5). She had a limited ninth grade education and past relevant work as a Housekeeper and Warehouse worker. (Tr. 25-27). Plaintiff's medical history is summarized in the ALJ's decision. By way of summary, Plaintiff fell from a fourth story window on October 29, 2001. (Tr. 130). As a result of the fall, Plaintiff suffered multiple pelvic fractures including a left sacral foraminal fracture, a left superior pubic rami fracture, and a left inferior pubic rami fracture. Id. Additionally, Plaintiff suffered a displaced left radial head fracture and a left scaphoid fracture. Id. Plaintiff was hospitalized for ten days immediately following the fall and underwent an open reduction

and internal fixation (ORIF) to repair her left radial fracture and scaphoid fracture. Id. After surgery, Plaintiff was instructed to be completely non-weight bearing on her left upper extremity until further assessed. (Tr. 131). Plaintiff's multiple pelvic fractures were inoperable and, as a result, Plaintiff was also instructed to be completely non-weight bearing on her left lower extremity for a period of three months. Id. Plaintiff was prescribed Loratab for pain management. Id.

Plaintiff began follow-up treatment on November 15, 2001 with Stephen Augustine, D.O. (Tr. 175). Her second follow-up visit with Dr. Augustine was on January 16, 2002, at which point x-rays revealed healed and well-aligned superior and inferior rami fractures. Id. All of the screws in Plaintiff's left wrist were intact and well-aligned and her external fixator was removed. Id. She had good range motion in her fingers and the range of motion of her elbow was approximately 30 degrees to 100 degrees. Id. Plaintiff was instructed to begin occupational therapy to improve the range of motion in her elbow, wrist, and hand. Id.

Plaintiff continued to receive follow-up care from Dr. Augustine approximately every four to eight weeks until July 2002 in order to assess her progress and manage her pain. (Tr. 162-67). At all of her follow-up visits, Plaintiff complained of either pain or decreased range of motion in her left arm. (Tr. 162, 167-70, 205-40). In order to improve her range of motion, Dr. Augustine instructed Plaintiff to continue occupational therapy and home exercises. (Tr. 162-170). However, due to problems with medical insurance and an inability to keep appointments, Plaintiff received only a limited amount of occupational therapy at the beginning of 2002. (Tr. 189-95).

On June 19, 2002, Dr. Augustine advised Plaintiff that she could resume all work

as tolerated. (Tr. 167). However, at her next follow-up visit on July 24, 2002, Plaintiff noted that she had not been able to return to work and continued to complain of pain in her left arm. (Tr. 162). Dr. Augustine provided Plaintiff with a removable Velcro splint for her arm and opined that further surgery may be necessary if the complaints of pain continued. Id.

In September 2002, Plaintiff began treatment with Louis Registre, M.D. for complaints of pain in her back and left wrist. (Tr. 213-214). Dr. Registre indicated that Plaintiff was seeking a second opinion regarding further surgery on her left wrist. (Tr. 14). Although Plaintiff never had additional surgery on her left wrist, Dr. Registre treated Plaintiff's pain with prescriptions of Loratab, and occasionally Naproxen, consistently from September 2002 through March 2003. (Tr. 205-40).

## C. Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is

4

disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, the ALJ determined Plaintiff met the non-disability requirements for a period of disability and had earned sufficient quarters of coverage to receive benefits through December 31, 2003. (Tr. 11-12; 16). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date, October 29, 2001. (Tr. 12; 16). At step two, the ALJ found Plaintiff had severe impairments: status-post multiple pelvic and left wrist fractures. (Tr. 14; 16). At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or medically equaled any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4. Id.

The ALJ further determined Plaintiff retained the residual functional capacity ("RFC") to perform "a range of sedentary work activity." (Tr. 14). Specifically, the ALJ found Plaintiff had:

> capacity to occasionally lift or carry as much as 10 pounds. She can frequently climb, balance, stoop, crouch, kneel and crawl. . . [She] can only occasionally use her left upper extremity for handling and fingering. She can sit, stand or walk during an 8-hour workday, but requires the ability to change positions between sitting and being on her feet at will.

5

(Tr. 14). In making this determination, the ALJ found Plaintiff's assertions concerning her impairments and their impact on her ability to work were not entirely credible. Id.

At step four, the ALJ utilized the testimony of a vocational expert (V.E.) during the hearing to determine if the Plaintiff could perform her past work experience. (Tr. 43). The ALJ posed multiple hypothetical questions to the V.E. First, the ALJ asked the V.E. whether a hypothetical claimant with the Plaintiff's medical and vocational history who was able to perform a restricted range of sedentary work and who:

> 1) would be restricted to 20 pounds occasional lifting, 10 pounds frequent lifiting; and

> 2) was able to handle or finger objects only occasionally during the work day

would be able to perform any of the positions noted in Plaintiff's work history. (Tr. 45). The V.E. testified the hypothetical claimant would be able to perform the housekeeper positions, but the position of warehouse worker would be eliminated. Id. The ALJ then posed a second hypothetical to the V.E. which was identical to the first with the exception that the hypothetical claimant would be restricted to 10 pounds occasional lifting and frequent lifting of objects weighing less than 10 pounds during the work day. (Tr. 46). In response to this hypothetical, the V.E. testified that the claimant would not be able to perform any of the jobs in Plaintiff's work history. Id. Thus, the ALJ determined Plaintiff could not perform her past relevant work because Plaintiff's past relevant work contained greater exertional and non-exertional demands than her current residual functional capacity. (Tr. 14).

At step five, the ALJ asked the V.E. to list three or four jobs that existed in the national economy that the hypothetical claimant could perform given the restrictions

presented. (Tr. 46). The V.E. testified that the positions of addresser, food and beverage order clerk, and surveillance system monitor would be available. Id. The ALJ then added the further restriction to the hypothetical that the individual would need the ability to switch between sitting and standing and should not be required to maintain either position for longer than an hour without the opportunity to switch positions. (Tr. 47). The V.E. testified that the positions of food and beverage order clerk and surveillance system monitors would remain within the hypothetical, but the position of addresser would be eliminated. Id.

Thus, at step five, the ALJ found there were significant jobs in the national economy that Plaintiff could perform. Consequently, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 16).

## III.    STANDARDS OF LAW

### A.    The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  However, the district court may remand a case to the Commissioner for a rehearing if the Commissioner's decision is not supported by substantial evidence or if the decision applies incorrect law.  42 U.S.C. § 405(g); Jackson v. Chater, 99 F.3d 1086, 1086-91 (11th Cir. 1996).  When reviewing a decision, the district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**IV.  ANALYSIS**

Plaintiff contends the ALJ erred in two respects.  First, Plaintiff asserts the ALJ erred by failing to appropriately consider her subjective allegations of pain.  (Doc. 14).  Second, Plaintiff contends the ALJ improperly evaluated the medical opinions of Stephen Augustine, D.O.  Id.

The Defendant responds that the ALJ did indeed appropriately consider Plaintiff's allegations of pain and merely rejected them as not credible, and as to Plaintiff's second argument, Defendant responds that the ALJ properly evaluated the medical opinion of Dr. Augustine as he was a treating physician of Plaintiff.  (Doc. 15).

> **Whether the ALJ erred by failing to consider Plaintiff's subjective allegations of pain.**

Pain is a non-exertional impairment, Foote v. Charter, 67 F.3d 1553, 1560 (11th Cir. 1995), that may be disabling even when unsupported by objective medical evidence. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). However, mere allegations of pain by the Plaintiff are not conclusive of disability. 20 C.F.R. § 404.1529(a). In the Eleventh Circuit, subjective allegations of pain must be evaluated using the "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)). The pain standard requires that the Commissioner evaluate allegations of pain if there is "evidence of an underlying medical condition, and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." Foote, 67 F.3d at 1560. If an ALJ decides to discredit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so or the record must be clear as to the credibility finding. Id. at 1561-62. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Id. at 1562.

In this case, the ALJ concluded Plaintiff suffered from status-post multiple pelvic and left wrist fractures, which was an impairment considered "severe" based on the requirements in the Regulations. (Tr. 16). This impairment meets the second prong of the Eleventh Circuit's pain standard as it is an objective medical condition of such severity that it could produce the alleged pain. Upon direct examination, Plaintiff testified she is unable to move the fingers on her left hand without pain and she does

not use her left arm at all due to the pain. (Tr. 33). In addition, she testified that she experiences pain in her back from sitting, standing, and walking and she has pain in her hip when she bends. (Tr. 33-34). Finally, Plaintiff testified that she suffers constant headaches and has a hard time concentrating because of all of her pain. Id. The ALJ made little assessment of Plaintiff's complaints of pain; rather, the ALJ simply "acknowledge[d] that the claimant has pain," but discredited the allegations because "no treating or examining physician ha[d] ever opined that the claimant is unable to perform work." (Tr. 15-16). Additionally, the ALJ concluded that Plaintiff's medical records do not support her allegations of a complete inability to use her left hand. (Tr. 15). Thus, the ALJ impliedly concluded Plaintiff's pain was not severe enough to inhibit her ability to work, and, as such, discredited all of her allegations of pain. However, a careful review of the record reveals that the ALJ's credibility determination is simply not supported by substantial evidence.

Social Security Ruling 96-7p and 20 C.F.R. 404.1529(c) and 416.929(c) recognize that a claimant's statements about symptoms often suggest a greater level of impairment than can be shown by objective medical evidence alone. In such cases, the ALJ <u>must</u> consider the following factors, in addition to the objective medical evidence, when assessing the credibility of an claimant's statements:

    1. The individual's daily activities;

    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

    3. Factors that precipitate and aggravate the symptoms;

    4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measure other than treatment the individual uses or has used to relieve pain or other symptoms;
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p; 20 C.F.R. 404.1529(c); 416.929(c) (emphasis added).

Here, the ALJ's entire credibility determination is predicated upon the conclusion that Plaintiff's allegations of pain are not supported by the objective medical evidence. Plaintiff testified she is completely unable to use her left arm due to pain, she suffers from back, leg, and hip pain when she sits, stands or walks for any length of time, and she has constant headaches and difficulty concentrating due to all of the pain; yet her treating physician opined that Plaintiff could resume work with certain limitations. (Tr. 33-34; 58-62). Thus, this is clearly a case where the Plaintiff's statements about her symptoms suggest a level of impairment greater than is supported by the objective medical evidence. As such, the ALJ should have taken into consideration the factors outlined in SSR 96-7p when making the credibility determination.

If the ALJ did consider these factors, it is not apparent from the decision. While some of the factors are mentioned, such as the location and frequency of Plaintiff's pain, there is no indication of the weight the ALJ accorded these factors. In the decision, the ALJ merely acknowledged that Plaintiff had pain, but discredited it because no treating physician ever opined Plaintiff could not work. This reason alone is not adequate for discounting Plaintiff's complaints of pain. Marbury, 957 F.2d at 840 n. 2. Other factors listed in SSR 96-7p like Plaintiff's daily activities and the effectiveness,

11

dosage, and side effects of Plaintiff's medication are completely missing from the decision.

This Court expresses no opinion as to whether Plaintiff's pain testimony must be accepted or rejected; however, the ALJ is reminded that she must "state the weight [she] accords to each item of impairment evidence and the reasons for [her] decision to accept or reject that evidence." Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990) (citing Gibson v. Heckler, 779 F.2d 619 (11th Cir. 1986)). In this case, there is an absence of statements about the weight given to each piece of evidence and the reasons for rejecting; thus, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).

This case will be remanded with instructions for the ALJ to reconsider the Plaintiff's complaints of pain and clarify the basis of the decision. In doing so, the ALJ should be mindful of the aforementioned standards of the Eleventh Circuit and the requirements of SSR 96-7p. If the ALJ concludes that Plaintiff's pain testimony is not credible, she should fully explain her decision in detail and clearly articulate specific reasons for discounting the testimony which are supported by substantial evidence in the record.

### **<u>Whether the ALJ erred by improperly considering the opinion of Plaintiff's treating physician.</u>**

Plaintiff asserts that the ALJ erred by considering the medical opinion of Stephen Augustine, D.O. without adequately documenting the sequence of events for the record. (Doc. 14). Specifically, Plaintiff argues the ALJ's opinion fails to mention that Dr. Augustine last treated Plaintiff thirteen months prior to completing the Medical Assessment Form, and, as a result, Plaintiff argues that Dr. Augustine lacks an adequate longitudinal perspective of her medical history to give an informed opinion. <u>Id.</u> Defendant asserts in response that the record indicates Plaintiff notified her attorney that Dr. Registre, the physician who treated Plaintiff most recently, refused to complete the Medical Assessment Form because he believed Dr. Augustine was the proper source to do so. (Doc. 15).

The Court agrees with Defendant's position that it is not possible for the ALJ to commit reversible error simply by relying on the medical opinion of a treating physician in a case where one medical doctor believes he is not the proper physician to provide an opinion and requests that another treating physician do so instead. Plaintiff's argument seems to suggest that the ALJ should have required Dr. Registre to provide a medical opinion or the ALJ should have indicated for the record how much time had passed since Dr. Augustine last treated Plaintiff; however, Plaintiff cites no case law to support this argument. In fact, this Court is unaware of any law that would even give the ALJ the power and authority to require Dr. Registre to provide a medical opinion, and the ALJ was well within her discretion to rely on the medical opinion of Dr. Augustine who treated Plaintiff in the past. Thus, Plaintiff's claim is without merit.

Finally, Plaintiff argues that Dr. Augustine's opinion was ambiguous because it was unclear whether he opined that Plaintiff could sit, stand, and walk for a total of three hours each workday or whether Plaintiff could sit for three hours, stand for three hours, and walk for three hours totaling nine hours each day.  The Court is displeased with this argument because the ambiguity arises directly as a result of the poorly designed Medical Assessment Form created by Plaintiff's counsel.  The Court agrees with Defendant's position that it is disingenuous for Plaintiff to raise the issue of ambiguity on appeal based on a poorly designed form created by her counsel, filled out upon her request, and then subsequently submitted to the ALJ for consideration.  If Plaintiff was concerned about the ambiguous nature of Dr. Augustine's opinion she should have proactively asked for clarification of the opinion rather than waiting to raise the issue on appeal.  However, as this case is already remanded on other grounds, the ALJ is further instructed to request clarification from Dr. Augustine regarding his opinion as to whether Plaintiff is capable of sitting, standing, and walking for three hours total or three hours each in a workday.

**V.    CONCLUSION**

For the foregoing reasons, the Clerk of the Court is directed to enter judgment pursuant to sentence four, 42 U.S.C. 405(g) **REVERSING** the Commissioner's decision and  **REMANDING** this matter with instructions to (1) reconsider the Plaintiff's allegations of pain, and, if they are rejected as not creditable, explain fully why they are being rejected; (2) request clarification regarding Dr. Augustine's opinion of Plaintiff's ability to work; and (3) conduct any other proceedings deemed appropriate.  Thereafter,

the Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this  26th  day of July, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record